Gaston, Judge;
after stating the case as above, proceeded as follows: I am instructed to declare the opinion of this Court, that the judgment rendered below is erroneous; that on the matter reserved, the law is for the defendants; and that under the agreement of the parties, the verdict is to be set aside, and there is to be a judgment of nonsuit.
The Court assents to the propriety of that part of his Hon- or’s opinion which holds that the jury might consider the special contract made between the plaintiff and these defendants at the time of bidding, modified in the particulars and to the extent which had been subsequently agreed upon between them and the plaintiff. If, therefore, the commissioners had rejected the building because of these changes, and these only — and had approved of it as conforming to the specifications in all other respects, the defendants would have been liable to the plaintiff upon their agreement. But the Court holds, that inasmuch as the commissioners rejected the building because in their judgment it did not conform to the other specifications, then, however unfounded and frivolous these objections of the commissioners might be deemed by the jury, the defendants were not liable to the plaintiff upon the agreement given in evidence; and which, according to the practice that obtains with the profession where a formal declaration has not been previously drawn out at length, must be understood as the agreement contained in the declaration. This opinion is founded upon the principle that the defendants are bound so far and so far only as they consented to be bound. Now, all the evidence of their agreement made the “ acceptance” of these commissioners one of the conditions of their engagement. It is immaterial which set of words testified to by the witnesses was used — -whether to pay if the commissioners accepted or when the commissioners accepted; for unless these words do not mean what they obviously import, the addition of them manifests that the commissioners were to pass upon the question whether the work was completed according to the specifications. And the o *220 pinion is deemed by us erroneous, because in effect it strikes out of the agreement one of its essential terms — and holds the defendants bound to pay without or before such acceptance, w^eu l’inve consented to pay only if or when the acceptance shall take place.
prudem and common stipulation contL-oTer-síes, that tiie cnn-ihe°vo°k °f some ons in whosejudg-is parFieshave &the^udí-mem of this not be d¡s-íevise'fbjFa com-taud
There'is nothing unreasonable — much less illegal in such a condition. Whether a work of art has been done with proper materials and in a workmanlike style, is an enquiry which honest differences of opinion may prevail even among persons skilled in the art, and on which men of ordina- ■ . _ ' . . P ry pursuits are very unfit to pass. It is, therefore, m agree-for works of this kind, a prudent and common stipulation for the prevention of controversies, that the construe-' . tion of the work shall be determined by some persons m whose judgment the parties have confidence. If, however, judgment of the forum appointed by the parties is to be or revised by a court and jury — the stipulation . ° unmeaning-.
There can be no question but that the view entertained by C°urt would prevail, if the agreement between these parties bad been in writing, and contained a stipulation in the words used by any of the witnesses who testified as to. the agreement. Morgan vs. Birnie, 9 Bing. Rep. 672 (23 Eng. Com. Law Rep. 414.) Devile vs. Arnold, 10 Price 21 (4 Exch. Rep. 266.) It is supposed, however, that inasmuch as the contract was by parol, the construction of the contract was a matter wholly for the consideration of the jury. If by construction be meant the ascertainment of the agreement of the parties, the proposition is admitted; but if thereby be meant the ascertainment of the effect of the agreement, then, we apprehend, the proposition is erroneous. The effect of a contract is a question of law. Where a contract is wholly in •writing, and the intention of the framers is by law to be collected from the document itself, there the entire construction of the contract — that is, the ascertainment of the intention of the parties as well as the effect of that intention, is a pure question of law; and the whole office of the jury is to pass on the existence of the alleged written agreement. Where the contract is by parol, tho terms of the agreement are of *221 course a matter of fact; and if those terms be obscure or equivocal, or are susceptible of explanation from extrinsic idence, it is for the jury to find also the meaning of the terms employed: but the effect of a parol agreement, when its terms ... ..... . . are given and their meaning fixed, is as much a question oí law as the construction of a written instrument.,
The propriety of the nonsuit depends on” the effect of the terms of the agreement as offered in evidence. There is nothing in the terms employed ambiguous or equivocal; and if there were, there is no suggestion that the ordinary meaning was not the meaning of the parties. The Judge therefore had a right to declare the legal effect of an agreement in those terms, and the verdict being, by the assent of the parties, taken subject to his judgment thereon, the matter thus referred to him was a pure question of law.
The plaintiff, under the circumstances of the case, was not, in our opinion, entitled to recover upon the common count for work and labour done. The liability of the defendants was founded solely upon their special agreement. The change by mutual assent in respect to some of the specifications of the work to be done under that agreement, left the agreement in full force as to all its other parts.
Whether the plaintiff might not obtain compensation in some forum, in case the acceptance by the commissioners was rendered impossible by accident — or may not be entitled to. •redress in some form, if that acceptance has been withheld maliciously, or by fraudulent combination, we are not called upon to determine. It is enough for us now to say that upon the agreement alleged, the defendants are not liable, because by that agreement their liability was made to depend on the judgment of the commissioners that the work had been done according to the specifications.
Per. Curiam. Judgment reversed.